UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **DENNIS RAY DAVIS, JR.** | **CIVIL ACTION NO. 22-1567** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE S. MAURICE HICKS, JR.** |
| **CADDO DEPARTMENT OF PUBLIC WORKS, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Plaintiff Dennis Ray Davis, Jr., a prisoner at Bayou Correctional Center proceeding pro se, filed this proceeding on May 30, 2022, under 42 U.S.C. § 1983. [doc. # 1, p. 4]. He names the following defendants: Caddo Department of Public Works, James R. Martin Building and Demolition, Woodrow Wilson, Jr., in his individual capacity and official capacity as Chief Executive for Caddo Parish Commission Office, Chief Executive Officer James R. Martin, James R. Martin Building and Remodeling, L.L.C., Caddo Parish Commission Office, Caddo Parish Sheriff's Office, Sheriff Steve Prator, and Caddo Correctional Jail Co.[1] For reasons below, the Court should dismiss Plaintiff's claims.

### Background

Plaintiff claims that his property at 4351 North Lakeshore Drive in Shreveport, Louisiana, was declared a nuisance, his structures were demolished, and he was deprived of other personal and business/commercial assets without first receiving notice and a fair opportunity to be heard (i.e., procedural due process). [doc. # 8, pp. 3, 10, 16]. He suggests that

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

he was incarcerated at Caddo Correctional Center when he should have received notice. *Id.* at 26.

Plaintiff attaches a letter mailed to him at Caddo Correctional Center, dated July 15, 2020, from a code enforcement inspector with Caddo Parish Public Works which states in part:

> [T]he Property Standards Board met in 2017 in legal session to consider the condition of the above-referenced property.
>
> The Property Standards Board declared the property a nuisance pursuant to Chapter 30, Section 30-26 and recommended the demolition of the structure(s) located on the property and cleanup of the property. Demolition and cleanup were accomplished, and a certificate of completion was submitted to Caddo Parish Public Works for $8,117.00.
>
> . . . .
>
> The Caddo Parish Assessor shows Dennis R. Davis of Caddo Correctional Center, P.O. Box 70110, Shreveport, Louisiana having surface ownership of the property.

[doc. # 1-2].

Plaintiff also characterizes the alleged deprivations as an illegal taking. [doc. # 8, pp. 11, 13, 15]. Further, he claims that Defendant Wilson, Jr., engaged in racial discrimination, targeting Plaintiff's property "for other white contractors to deprive the young (black) property owner of his commercial properties without due process." *Id.* at 26.

In addition to Defendant Wilson, Jr., Plaintiff faults the Caddo Department of Public Works, the "demolition contractor," the Caddo Parish Commission Office, and Sheriff Steve Prator. *Id.* at 8, 12, 22, 23, 25.

Plaintiff raises a final claim. He explains that on August 3, 2016, he turned himself in to a sheriff's office "to find out why" he had a warrant for armed robbery, armed robbery with the use of a firearm, and attempted murder. *Id.* at 17. He was transported to Caddo Correctional Center. He claims that although a court granted him bail, jailors at Caddo Correctional Center

breached "clearance policy" and failed to release him on bail. *Id.* at 18-20. The jailors "place[d] an unlawful hold (no bond)" on him because of a "typographical booking error" or "data entry error." *Id.* at 20, 25. Plaintiff was therefore forced to remain in jail from August 3, 2016, to June 12, 2017. *Id.* at 21.

## Law and Analysis

### 1. Preliminary Screening

As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Section 1915A(b) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Duplicative Claim**

Plaintiff's claim that jailors failed to release him on bail should be dismissed as duplicative and therefore malicious and frivolous.

"IFP complaints may be dismissed as frivolous pursuant to § 1915(d) when they seek to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff." *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989). Likewise, a case is duplicative if it involves "the same series of events" and allegations of "many of the same facts as an earlier suit." *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) ("[A]n IFP complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under . . . section 1915(d)."). District courts are "'vested with especially broad discretion' in determining whether such a dismissal is warranted." *Bailey*, 846 F.2d at 1021.

Here, Plaintiff's allegations are substantially similar to, and arise from the same series of events as, allegations he raised in other proceedings: *Dennis Ray Davis, Jr. v. 1st Judicial District Court, et al.*, No. 18-0988 (W.D. La. 2018) (dismissing, as frivolous and malicious, Plaintiff's claim that he was denied bond); *Dennis Ray Davis, Jr. v. Robert B. Whyce, et al.*, No. 18-0009 (W.D. La. 2018) (dismissing Plaintiff's claim that he was falsely imprisoned due to various bond errors); *Dennis Ray Davis, Jr. v. Commissioner Caddo Parish, et al.,* No. 17-1269

5

(W.D. La. 2017) (dismissing Plaintiff's claim that he was not allowed to post bond because the Caddo Correctional Center jail records showed there was a hold on him and because his bonding status was incorrectly entered into the records); *Dennis Ray Davis, Jr. v. Robert B. Wyche, et al.*, No. 17-1230 (W.D. La. 2017) (dismissing Plaintiff's claim that he was denied bond); *Dennis Ray Davis, Jr. v. Police Dept. of Shreveport, et al.*, No. 17-0531 (W.D. La. 2017) (dismissing Plaintiff's claim that the jail would not let him post bond); *Dennis Ray Davis, Jr. v. Nicole Fuller, et al.*, 18-1393 (W.D. La. 2018) (dismissing Plaintiff's claim that he was falsely imprisoned because he could not post bail).

As the claim here is duplicative, the Court should dismiss it as malicious and frivolous.³ *See Comeaux v. Cockrell*, 72 F. App'x 54, 55 (5th Cir. 2003) (approving the dismissal of only some claims—rather than an entire complaint—as duplicative and therefore malicious).

**3. Statute of Limitations**

The Court should dismiss Plaintiff's remaining claims as untimely. He claims that his property was declared a nuisance, his structures were demolished, and he was deprived of other personal and business/commercial assets without first receiving notice and a fair opportunity to be heard (i.e., procedural due process). [doc. # 8, pp. 3, 10, 16]. He claims that the deprivations also constituted a taking and a violation of his constitutional right to equal protection.

"A district court may *sua sponte* dismiss a complaint as frivolous on statute-of-limitations grounds if it is clear from the complaint that the claims are time-barred." *Madis v. Edwards*, 347 F. App'x 106, 107 (5th Cir. 2009); *see Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999).

---

³ That Plaintiff names different defendants does not change the result. *See Lewis*, 508 Fed. App'x at n.2; *Bailey*, 846 F.2d at 1021 (affirming dismissal where the "complaint repeats the same factual allegations that [the plaintiff] asserted in his earlier case, although he successively sued different defendants."); *Brown v. Louisiana*, 2010 WL 5582940, at *3 (W.D. La. Dec. 1, 2010).

The statute of limitations for Section 1983 actions is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-80 (1984). Thus, Louisiana's one-year personal injury statute of limitations, under LA. CIV. CODE art 3492, applies here. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980).

However, the date of accrual for a Section 1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516 (*quoting Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981)). In other words, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Brockman v. Texas Dep't of Crim. Just.*, 397 F. App'x 18, 22 (5th Cir. 2010).

Here, Plaintiff's claims accrued when he knew or had reason to know of the alleged property deprivations.[4] Plainly, Plaintiff knew or had reason to know of these alleged deprivations following the Caddo Parish Public Works' letter to him on July 15, 2020. As above, Plaintiff attaches a letter mailed to him at Caddo Correctional Center, dated July 15,

---

[4] *See Rushing v. Yazoo Cnty. by & through Bd. of Supervisors of Yazoo Cnty.*, 861 F. App'x 544, 550 (5th Cir. 2021) (observing that a plaintiff's claims of denial of equal protection and procedural due process accrue when the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured); *Stringer v. Town of Jonesboro*, 986 F.3d 502, 510 (5th Cir. 2021) (observing that a takings claim accrues when a plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured); *see also Mejia v. Unknown Officers*, 168 F.3d 485 (5th Cir. 1999) ("Mejia knew his money had been taken [by police officers], and he suspected the basis for the initial traffic stop. This knowledge gave rise, at the least, to a duty to investigate further, and the prescription period immediately began running.").

2020, from a code enforcement inspector with Caddo Parish Public Works, notifying him that the demolition and "cleanup" of his property was completed sometime after 2017, when the Property Standards Board declared his property a nuisance. [doc. # 1-2]. Allowing for mailing delays, Plaintiff was aware of the deprivations soon after July 15, 2020.

Notably, Plaintiff attaches evidence demonstrating that he either received the July 15, 2020 letter—or was otherwise aware of the demolition/deprivation of his property—before December 18, 2020, when he requested public records pertaining to the remediation of his property. [doc. # 8-1, p. 2]. On December 18, 2020, following Plaintiff's request, an "Assistant Parish Attorney" mailed Plaintiff a copy of a "contract regarding remediation of property standards violations at 4351 N. Lakeshore Drive, Shreveport, Louisiana." *Id.* at 2.

The contract, between James R. Martin Building and Remodeling, LLC, and the Parish of Caddo, states in part: "The Contractor shall furnish all necessary materials, labor, and equipment for demolition of two structures, remove three vehicles and hauling away all debris on property located at 4351 N. Lakeshore Drive . . . ." *Id.* at 4. It states that "all work contemplated under this contract must be completed within 30 days of the receipt of the notice to proceed." *Id.* It states further, "This contract shall commence upon the date of execution hereof and shall terminate 30 days thereafter . . . ." *Id.* at 6. The contract was executed on February 11, 2020, and February 18, 2020. *Id.* at 7 (capitalization removed).

Even assuming Plaintiff's claims accrued, at the latest, in December 2020, his claims are untimely. He had one year, or until December 2021, to file claims. As he did not file until May 30, 2022, at the earliest,[5] the statute of limitations bars his claims.[6]

### Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Dennis Ray Davis, Jr.'s, claim that jailors failed to release him on bail be **DISMISSED WITH PREJUDICE** as duplicative, malicious, and frivolous.

**IT IS FURTHER RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED** as untimely, as frivolous, and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

---

[5] Plaintiff states that he placed his initial pleading in a mailbox at Bayou Correctional Center on May 30, 2022. [doc. # 1, p. 4]. A "pro se prisoner's complaint is deemed to be filed on the date that the prisoner submits the pleading to prison authorities to be mailed." *Coomer v. Massey*, 2022 WL 3136977, at *1 (5th Cir. Aug. 5, 2022).

[6] The limitations period is subject to state tolling and equitable tolling in certain circumstances, but Plaintiff does not allege or suggest that such circumstances were present before he filed this proceeding. Of import, "Although federal courts applying state statutes of limitations for civil rights actions by prisoners must give effect to statutes tolling the limitations period on account of incarceration, Louisiana has no such tolling statute[.]" *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) ("The causes of action asserted in James's complaint were not tolled merely as a result of James being a prisoner.") (citations omitted); *McGuire v. Larpenter*, 592 F. App'x 272, 275 (5th Cir. 2014) ("Louisiana law does not toll the limitations period for McGuire's § 1983 claims for the time that he was in prison.").

proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 27th day of October, 2022.

_____
Kayla Dye McClusky
United States Magistrate Judge